UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ARRENDONDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARY JANE RODRIGUEZ, EDWARD THOMAS RODRIGUEZ, WENDY ANN RODRIGUEZ, and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | No. 2:17-cv-0841-KJM-AC<br><br><br>ORDER |

On April 21, 2017, defendant Edward Rodriguez, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Rodriguez also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot defendant's motion to proceed in forma pauperis.

I.  SUBJECT MATTER JURISDICTION

　　A.  Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B.     Discussion

Rodriguez's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because "Defendant's [sic] Demurrer, a pleading[,] depend on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 3. The complaint plaintiff filed in state court asserts only a claim for unlawful detainer, a matter of state law. *See* ECF No. 1 at 6.

As explained above, the court cannot base federal question jurisdiction on Rodriguez's answer or counterclaim. *Vaden*, 556 U.S. at 60. Plaintiff is the master of the

complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint is not based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint is labeled as a "limited" civil case, meaning plaintiff predicts the total damages will not exceed $10,000. ECF No. 1 at 7. Plaintiff seeks possession of the premises, costs and reasonable attorney's fees, forfeiture of the agreement, and damages of $66 per day for each day from February 1, 2017 until the date of judgment. ECF No. 1 at 9. These damages are not likely to total more than $75,000, and Rodriguez has provided no other evidence or allegations as to the amount in controversy. As such, the court cannot exercise diversity jurisdiction over the action.

II. REQUEST TO PROCEED IN FORMA PAUPERIS

For the foregoing reasons, the court has determined sua sponte that it does not have subject matter jurisdiction, and thus remands the case to the Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). This order moots defendant's motion for in forma pauperis status.

III. CONCLUSION

For the foregoing reasons, this action is REMANDED to Sacramento County Superior Court, and the court DENIES as moot defendant's motion to proceed in forma pauperis.

IT IS SO ORDERED.

DATED: April 26, 2017.

_____
UNITED STATES DISTRICT JUDGE